OPINION OF THE COURT

Per Curiam.

For the reasons expressed in the opinion of Mr. Justice Stewart F. Hancock, Jr., at the Appellate Division, chapters 349 (as amd by ch 485) and 484 of the Laws of 1976, insofar as it assigns a period of probable usefulness to the cost of current health and dental insurance coverage, are declared unconstitutional in their entirety. The challenged legislation, including the alternative State Real Property Tax Act (L 1976, ch 349, § 3), presents nothing more than an attempt to circumvent the constitutional limitation upon the amount of revenue that may be raised by local subdivisions of the State through the taxation of real property. (NY Const, art VIII, § 10.) On a previous occasion, this court has been constrained to strike down legislative measures in palpable evasion of those constitutional provisions designed to limit the taxing powers of local subdivisions of the State. (Hurd v City of Buffalo, 34 NY2d 628, 629, affg 41 AD2d 402.) For present purposes, chapters 349 and 484 of the Laws of 1976 are indistinguishable from the legislation struck down as unconstitutional in Hurd (supra). We would further add that section 7 of chapter 349, which purports to restrict the judicial authority to fashion remedies, constitutes a patently unconstitutional infringement on the powers of the judiciary.
In holding this legislation unconstitutional, we reject, as did the Appellate Division, defendants’ contention that the fiscal crisis presently encountered by cities and school districts constitutes an emergency justifying suspension of constitutional limitations pursuant to the emergency clause in the State Constitution. (NY Const, art III, § 25.) Certainly, the present fiscal hardship, grave as it is, cannot seriously be equated with the emergencies contemplated in the Constitution: that is, enemy attack or other forms of disaster. (See Flushing Nat. Bank v Municipal Assistance Corp. for City of N. Y., 40 NY2d 731, 740.) Thus, in holding unconstitutional the New York State Emergency Moratorium Act for the City of New York (L 1975, ch 874, as amd by L 1975, ch 875), we stated that the consequences of that legislation could "not be justified by fugitive recourse to the police power of the State or to any other constitutional power to displace inconvenient *835 but intentionally protective constitutional limitations.” (Flushing Nat. Bank v Municipal Assistance Corp. for City of N. Y, 40 NY2d, at p 736.)
The State is not confronted with a situation in which it has no choice but to provide additional revenues for local government through the imposition of real property taxes in excess of the constitutional limitation. Obviously, real property taxes are not the only source of revenue available to support local subdivisions. Revenue for local subdivisions can be, and is, generated through various alternate vehicles.*
While we agree with the Appellate Division’s affirmance of the judgments of Special Term declaring chapters 349 and 484 of the Laws of 1976 unconstitutional, we disagree with its conclusion that the plaintiffs in Jones v City School Dist. of Geneva and Waldert v City of Rochester are not entitled to repayment of the taxes paid in excess of the tax limitation provided in the Constitution. Although in Hurd (supra) plaintiffs’ award was limited to prospective relief because of their reliance upon the invalidated legislation in preparation of their budgets, the same rationale can no longer be applicable today. In view of Hurd (supra), local subdivisions were put on notice that patent circumvention of constitutional limitations on their taxing powers would not be tolerated. Similarly, we believe that the plaintiff in Bethlehem Steel Corp. v Board of Educ. is entitled to establish its rights to repayment of real property taxes paid in excess of the constitutional limitation if such taxes were paid under appropriate protest.
Accordingly, the order of the Appellate Division in Bethlehem Steel Corp. v Board of Educ. should be affirmed, with costs, and the orders of the Appellate Division in Jones v City School Dist. of City of Geneva and Waldert v City of Rochester should be modified, with costs, to reinstate the judgments of Special Term granting petitioners a tax refund, and, as so modified, affirmed. Chapters 349 and 484 of the Laws of 1976 are declared unconstitutional, and the proposed remittitur settled on 20 days’ notice.
*836 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
In Bethlehem Steel Corp. v Board of Educ. of City School Dist. of Lackawanna: Order affirmed, with costs, proposed remittitur to be settled on 20 days’ notice.
In Jones v City School Dist. of City of Geneva: Order modified, with costs to plaintiffs, in accordance with the opinion herein and, as so modified, affirmed. Proposed remittitur to be settled on 20 days’ notice.
In Waldert v City of Rochester: Order modified, with costs to plaintiff, in accordance with the opinion herein and, as so modified, affirmed. Proposed remittitur to be settled on 20 days’ notice.

 See e.g., Tax Law, art 29, Taxes Authorized for Cities, Counties and School Districts; New York Lottery for Education (Tax Law, art 34); Corporation Tax (Tax Law, art 9); Franchise Tax on Business Corporations (Tax Law, art 9-A); Estate Tax (Tax Law, art 10-B); Mortgage Tax (Tax Law, art 11); Real Estate Transfer Tax (Tax Law, art 31); Stock Transfer Tax (Tax Law, art 12); Gasoline Tax (Tax Law, art 12-A); Alcoholic Beverages Tax (Tax Law, art 18); Cigarette and Tobacco Tax (Tax Law, art 20); Personal Income Tax (Tax Law, art 22); Highway Use Tax (Tax Law, art 21); Gift Tax (Tax Law, art 26-A); Sales and Use Taxes (Tax Law, art 28).